UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1396(DSD/JSM)


Kirk Alan Walker,

                Plaintiff,

v.                                                    **ORDER**

Erik Skon, Lynn Dingle,
Mark Thielen, Larnscie
Stevenson, Gary Karasch,
Jeffrey Gutzmer, Robert Uran,
Dean Hagen, Darin Hatch,
Justin Rutten, Jason Hills,
Shawn Harrington, Douglas
Witte, Robert Martin,
Troy Anderson, Spencer Vang,
Teresa Bishop, Kari Anderson,
Celeste Trave, Barb Nelson,
Kathryn Reid, Jessica Symmes,
John King, Mike Green, Natalie
Leseman, Sharon Lauer, Stephanie
Hanson, Stephen Ford, Lisa Hansford,
Matthew Elmore, Sally Gade, George
Oswald, and Tyler Gronskei,

                Defendants.



     This matter is before the court upon defendants' motion to

dismiss and for summary judgment and upon plaintiff's motions to

extend the time for response and to compel discovery.  Based upon

a review of the file and pleadings and for the following reasons,

the court grants defendants' motion and denies plaintiff's motions.

     On April 11, 2006, plaintiff Kirk Alan Walker filed a pro se

complaint alleging 42 U.S.C. § 1983 violations by corrections

officers at Minnesota Correctional Facility-Oak Park Heights.  On

August 21, 2006, Magistrate Judge Janie S. Mayeron issued a pretrial scheduling order setting forth a March 1, 2007, date for the filing of dispositive motions.  The order explained that responses to dispositive motions "shall be filed with the Court and served on the opposing party or their attorney, if they are represented by an attorney, on or before 20 days following service of the original motion."  (Pretrial Scheduling Order of Aug. 21, 2006, at 2.)  The order also stated that "[i]f any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted." (Id.)

On March 1, 2007, defendants filed a motion to dismiss and for summary judgment.  Plaintiff did not file a dispositive motion nor respond to defendants' motions within the time period specified in the pretrial scheduling order.  On July 25, 2007, plaintiff filed a motion to extend the time to reply.  Under Federal Rule of Civil Procedure 6(b), the court may extend a deadline "where the failure to act was the result of excusable neglect."  Defendant argues that he has had difficulty proceeding pro se and that the Minnesota Attorney General's Office has not responded to his discovery requests.  When analyzing a claim of excusable neglect, the court considers all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings,

the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Fink v. Union Cent. Life Ins. Co.</u>, 65 F.3d 722, 724 (8th Cir. 1995).

Plaintiff has not demonstrated that his failure to act was the result of excusable neglect. Plaintiff attempted to seek an extension more than four months after the deadline to respond had passed. Further, plaintiff has had ample time to rectify any discovery dispute with the Attorney General's Office. Under the magistrate judge's scheduling order, discovery was to be completed by January 1, 2007, with any disputes "called immediately to the Court's attention by the making of an appropriate motion." (Pretrial Scheduling Order of Aug. 21, 2006, at 1.) Moreover, the order stated that a discovery dispute "shall not be relied upon by any party as justification for not adhering to [the] pretrial schedule." (<u>Id.</u>) Finally, plaintiff's pro se status does not excuse him from complying with court orders. <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856-57 (8th Cir. 1996).

For these reasons, **IT IS HEREBY ORDERED** that:

1.   Defendants' motion to dismiss and for summary judgment [Doc. No. 21] is granted.

2.   This action is dismissed with prejudice.

3.   Plaintiff's pro se motion to extend the time to respond [Doc. No. 33] is denied.

4.   Plaintiff's pro se motion to compel discovery [Doc. No. 34] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 25, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court